# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TENNESSEE
# KNOXVILLE DIVISION

| | |
|---|---|
| TOMMY CLARK, | ) |
|                   **Plaintiff,** | ) |
| v. | ) CIVIL ACTION NO. **3:17-cv-00033** |
| SAFECO INSURANCE COMPANY OF AMERICA, | ) |
|                   **Defendant.** | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, 1446, Defendant Safeco Insurance Company of Illinois, incorrectly named in the Complaint as Safeco Insurance Company of America (hereinafter "Safeco"), hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee, Knoxville Division. As grounds for this removal, Safeco states as follows:

## INTRODUCTION

1. On or about December 21, 2016, Plaintiff Tommy Clark ("Plaintiff") commenced a civil action against Safeco in the Circuit Court for Knox County, Tennessee, pending there as Case Number 1-581-16. The Circuit Court for Knox County is a Tennessee state court within this judicial district and division.

2. Plaintiff served a copy of the Summons and Complaint on the Tennessee Department of Commerce and Insurance on January 5, 2017. The Tennessee Department of Commerce and Insurance thereafter served the Corporation Service Company with a copy of the

Summons and Complaint on January 20, 2017, which it transmitted onto Safeco. Therefore, this Notice of Removal is timely filed.

3. Pursuant to 28 U.S.C. § 1446, true and correct copies of all pleadings in Safeco's possession that have been filed in the state court pertaining to this matter as of this date are collectively attached hereto as **Exhibit 1**.

## DIVERSITY JURISDICTION

4. This case is properly removable pursuant to 28 U.S.C. § 1441, which provides in pertinent part as follows:

> (a) **Generally.** Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.
>
> (b) **Removal based on diversity of citizenship.**
>
> (1) In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded.
>
> (2) A civil action otherwise removable solely on the basis of the jurisdiction under 1332(a) of this title may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.

5. This action is properly removable under 28 U.S.C. § 1441(a) and (b) because the United States District Court has original jurisdiction of this case under 28 U.S.C. § 1332(a), which provides in pertinent part as follows:

> (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between--
>
> (1) citizens of different States....

2

29041099 v1
Case 3:17-cv-00033-PLR-DCP   Document 1   Filed 02/03/17   Page 2 of 5   PageID #: 2

6. Plaintiff is a citizen and resident of Knox County, Tennessee. *See* Complaint at ¶ 1.

7. Safeco Insurance Company of Illinois is the entity that underwrites the automobile policy at issue, as can be clearly seen in the excerpt of such policy attached to Plaintiff's Complaint at Exhibit A. *See* Complaint, Ex. A. Safeco Insurance Company of Illinois, the correct defendant, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts. To be clear, neither Safeco Insurance Company of Illinois nor the improperly named Safeco Insurance Company of America are not a citizen of the State of Tennessee.

8. Thus, the diversity of citizenship requirement is met in this case.

## AMOUNT IN CONTROVERSY

9. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs.

10. Plaintiff brought this action due to Safeco's denial of Plaintiff's claim for accidental damages occurring to Plaintiff's automobile's engine when it allegedly "hydrolocked". *See* Complaint at ¶¶ 8-12.

11. Plaintiff alleges that Safeco was required to compensate Plaintiff for such damages under the terms of the automobile insurance policy in effect between Plaintiff and Safeco Insurance Company of Illinois, his insurer, bearing Policy No. F2647604 ("the Policy"). *Id.* at ¶¶ 4-8 & 18-19; Ex. A.

12. Specifically, Plaintiff alleged not only breach of contract against Safeco, but also bad faith under Tenn. Code Ann. § 56-7-105 against Safeco for its failure to compensate Plaintiff under the Policy for his alleged damages, in addition to seeking punitive damages from Safeco. *Id.* at ¶¶ 16-25.

13. While Safeco disputes it acted in bad faith and it disputes that Plaintiff is entitled to damages under Tenn. Code Ann. § 56-7-105, it is proper for the court to consider Plaintiff's claims for bad faith damages in calculating the amount in controversy. Tenn. Code Ann § 56-7-105 permits an insured to recover damages, in addition to the loss, in an amount not to exceed 25% of the liability of the loss if the court determines that "the refusal to pay the loss was not in good faith, and the failure to pay inflicted additional expense, loss or injury including attorney fees upon the holder of the policy." *See* Tenn. Code Ann. § 56-7-105(a).

14. Plaintiff's Complaint seeks "compensatory damages in an amount not less than $35,000.00." *Id.* at Prayer for Relief, ¶ 2. Also, Plaintiff demands to be awarded "an additional twenty-five percent (25%) of the compensatory damages" as a bad faith penalty. *Id.* at Prayer for Relief, ¶ 3. Finally, Plaintiff requests an award of punitive damages against Safeco "in an amount not less than $120,000." *Id.* at Prayer for Relief, ¶ 5.

15. Thus, the amount in controversy in this action clearly exceeds $75,000, exclusive of interest and costs.

## JURISDICTIONAL REQUIREMENTS

16. This case is a civil action within the meaning of the Acts of Congress relating to the removal of causes.

17. Safeco has not previously removed this action and has heretofore sought no similar relief.

18. Safeco reserves the right to supplement this notice of removal by adding any jurisdictional defenses that may independently support a basis for removal.

19. Safeco hereby notifies the Court that it has provided written notice to all adverse parties of the filing of the Notice of Removal in this case, as provided for by 28 U.S.C. §

4

29041099 v1
Case 3:17-cv-00033-PLR-DCP   Document 1   Filed 02/03/17   Page 4 of 5   PageID #: 4

1446(d). Safeco has also filed a copy of this Notice of Removal with the Clerk of the Circuit Court for Knox County, Tennessee, as provided by law.

    Respectfully submitted,

    */s/ Brian C. Neal*
    Brian Neal (BPR #022532)
    Briana M. Montminy (BPR #034622)
    BURR & FORMAN LLP
    511 Union Street, Ste. 2300
    Nashville, TN 37219
    Telephone: (615) 724-3200
    Facsimile: (615) 724-3290

    *Attorneys for Defendant Safeco Insurance Company of Illinois improperly named as Safeco Insurance Company of America*

## CERTIFICATE OF SERVICE

I hereby certify that on the 3rd day of February 2017, I served a copy of the foregoing *Notice of Removal* via U.S. mail on the following:

    W. Tyler Chastain
    Nathaniel H. Evans
    Bernstein, Stair & McAdams LLP
    116 Agnes Road
    Knoxville, Tennessee 37919

    */s/ Brian C. Neal*