# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

| | | |
|---|---|---|
| TOMMY CLARK | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **No. 1-581-16** |
| | ) | **JURY DEMANDED** |
| SAFECO INSURANCE COMPANY OF | ) | |
| AMERICA, | ) | |
| | ) | |
| **Defendant.** | ) | |

## NOTICE OF FILING NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Safeco Insurance Company of Illinois, incorrectly named in the Complaint as Safeco Insurance Company of America (hereinafter "Safeco"), hereby gives notice of the removal of this action to the United States District Court for the Eastern District of Tennessee, Knoxville Division. A copy of the Notice of Removal is attached hereto as **Exhibit A**.

Respectfully submitted,

_____
Brian Neal (BPR #022532)
Briana M. Montminy (BPR #034622)
BURR & FORMAN LLP
511 Union Street, Ste. 2300
Nashville, TN 37219
Telephone: (615) 724-3200
Facsimile: (615) 724-3290

*Attorneys for Defendant Safeco Insurance Company of Illinois improperly named as Safeco Insurance Company of America*

**Exhibit 1**

**CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of February 2017, I served a copy of the foregoing *Notice of Filing of Removal* via U.S. mail on the following:

> W. Tyler Chastain
> Nathaniel H. Evans
> Bernstein, Stair & McAdams LLP
> 116 Agnes Road
> Knoxville, Tennessee 37919

29057731 v1
Case 3:17-cv-00033-PLR-DCP   Document 1-1   Filed 02/03/17   Page 2 of 24   PageID #: 7



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Arlene Smith<br>Liberty Mutual Insurance Company<br>175 Berkeley Street<br>Boston, MA 02116 |

| | |
|---|---|
| **Entity:** | Safeco Insurance Company Of America<br>Entity ID Number  2781189 |
| **Entity Served:** | Safeco Insurance Co of America |
| **Title of Action:** | Tommy Clark vs. Safeco Insurance Company of America |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Contract |
| **Court/Agency:** | Knox County Circuit Court, Tennessee |
| **Case/Reference No:** | 1-581-16 |
| **Jurisdiction Served:** | Tennessee |
| **Date Served on CSC:** | 01/20/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | TN Department of Commerce and Insurance on 1/5/2017 |
| **How Served:** | Certified Mail |
| Sender Information: | Nathaniel H Evans<br>865-546-8030 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

**STATE OF TENNESSEE**
**Department of Commerce and Insurance**
**500 James Robertson Parkway**
**Nashville, TN 37243-1131**
**PH - 615.532.5260, FX - 615.532.2788**
**Jerald.E.Gilbert@tn.gov**

January 5, 2017

Safeco Insurance Co Of America                    Certified Mail
2908 Poston Ave, % Corp Svc Co                    Return Receipt Requested
Nashville, TN  37203                              7016 0750 0000 2778 3632
NAIC # 24740                                      Cashier # 29931

Re:    Tommy Clark  V.  Safeco Insurance Co Of America

        Docket # 1-581-16

To Whom It May Concern:

Pursuant to Tennessee Code Annotated § 56-2-504 or § 56-2-506, the Department of
Commerce and Insurance was served January 5, 2017, on your behalf in connection with the
above-styled proceeding.  Documentation relating to the subject is herein enclosed.

Jerald E. Gilbert
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Knox County
    400 Main Avenue, Rm M-30 C/C Bldg
    Knoxville, Tn  37902

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

TOMMY CLARK,

    Plaintiff,

v.

SAFECO INSURANCE COMPANY
OF AMERICA,

    Defendants.

NO. *1 - 581-16*

JURY DEMANDED

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT(S):**    **SAFECO INSURANCE COMPANY
c/o Commissioner of Insurance
Tennessee Department of Commerce
and Insurance
500 James Robertson Parkway
Nashville, Tennessee 37203-1312**

You are hereby summoned and required to serve upon, Nathaniel Evans, plaintiff's attorney, whose address is BERNSTEIN, STAIR & McADAMS LLP, 116 Agnes Road, Knoxville, Tennessee 37919, an answer to the Complaint, herewith served upon you within 30 days after service of this summons and complaint upon you, exclusive of the date of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the complaint.

Issued and tested this *21* day of *December*, 2016.

**ADA**
FOR ASSISTANCE CALL
865 / 215-2952
TTY: 865 / 215-2497

*Catherine Shanks*
CLERK

*nPapilla*
DEPUTY CLERK

## NOTICE

To the defendant(s):

    Tennessee Law provides a four thousand dollars ($4,000.00) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, or the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by Law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

**SERVICE INFORMATION**

To the process server:   Defendant, Safeco Insurance Company of America, is a corporation doing business in Knox County, Tennessee and may be served through the Commissioner of Insurance, 500 James Robertson Parkway, Tennessee Department of Commerce and Insurance, Nashville, Tennessee 37242-1204

**RETURN**

I received this summons on the ____ day of _____, 2016.

I hereby certify and return that on the ____ day of _____, 2016.

____   I served this summons and a complaint, request for admissions, and request for production of documents on defendant SouthEast Bank in the following manner:

____   I failed to serve this summons within 30 days after its issuance because:

_____
Process Server

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE
## FILED

TOMMY CLARK,

2016 DEC 21 PM 4 09

Plaintiff,

CATHERINE F. QUIST
CIRCUIT COURT CLERK

v.

NO. _1 - 581 -16_
JURY DEMANDED

SAFECO INSURANCE COMPANY
OF AMERICA,

Defendant.

## COMPLAINT

Plaintiff, Tommy Clark ("Mr. Clark"), hereby files the following Complaint against Safeco Insurance Company of America ("Safeco") and in support of the same states as follows:

## I. PARTIES

1.    Plaintiff, Tommy Clark, is a citizen and resident of Knox County, Tennessee and resides at 220 Henry Haynes Drive, Knoxville, Tennessee 37920.

2.    Defendant, Safeco Insurance Company of America ("Safeco"), is a corporation doing business in Knox County, Tennessee, registered with the Tennessee Secretary of State and may be served through its registered agent, the Insurance Commissioner, at 500 James Robertson Parkway, Tennessee Department of Commerce and Insurance, Nashville, Tennessee 37242-1204.

## II. JURISDICTION AND VENUE

3.    Jurisdiction and venue are proper in Knox County, Tennessee as the accident at issue occurred within Knox County, Tennessee.

## III. **FACTUAL BACKGROUND**

4.     On or about August 27, 2015, Safeco, via its agent Madison Insurance Company, Inc., entered into an insurance policy agreement with Mr. Clark to insure a 2004 Ford Mustang Cobra S.  (Insurance Policy No. F2647604 attached hereto as Exhibit A).

5.     Insurance Policy No. F2647604 ("Clark Insurance Policy") included comprehensive insurance coverage for the 2004 Ford Mustang Cobra S ("Mustang") for which Mr. Clark paid premiums in the amount of $362.10.  (Exhibit A).

6.     The Clark Insurance Policy period ran from February 28, 2015 to February 28, 2016.

7.     At all times material, Mr. Clark timely paid his insurance premiums to Safeco.

8.     In December of 2015, Mr. Clark attempted to start his Mustang.  Because water had leaked into the engine during a rainstorm, the engine hydrolocked, causing significant damage to the engine such that it required complete replacement.

9.     The replacement cost of the Mustang's engine is approximately $35,000.00.

10.     Prior to December 23, 2015, Mr. Clark submitted a claim for the damaged engine to Safeco under the Clark Insurance Policy.

11.     Safeco denied Mr. Clark's claim related to his Mustang shortly after December 23, 2015.

12.     Mr. Clark, at his own expense, retained an expert to confirm that the Mustang's engine had hydrolocked as the result of an accidental accumulation of water within the cylinder block.

13.     On November 9, 2016, undersigned counsel submitted notice to Safeco that Mr. Clark's claim related to his Mustang should be paid because the damage was the result of an accident.  (Letter to Safeco attached hereto as Exhibit B).

14.     Undersigned counsel's letter to Safeco included a report from an expert with over 43 years of experience detailing exactly why the engine had been damaged accidentally.

15.     On December 19, 2016, undersigned counsel received notification from Safeco that it stood by its denial of its claim.

## COUNT I

## BREACH OF CONTRACT

16.     Plaintiff hereby reasserts Paragraphs 1 – 15 of the Complaint as if set forth fully herein.

17.     In August of 2015, Defendant Safeco agreed to insure Mr. Clark's Ford Mustang against accidental damage.  (Exhibit A).

18.     Pursuant to the Clark Insurance Policy, Safeco had a duty to pay Mr. Clark the value of accidental damage to his vehicle under the comprehensive insurance provided by Safeco.

19.     Mr. Clark accidentally damaged his Ford Mustang when, unbeknownst to him, water had leaked into the engine before he tried to start it.  When Mr. Clark tried to

start the Mustang, it hydrolocked, which caused significant damage to the Mustang's engine.

20.　At all times material, Mr. Clark complied with the Clark Insurance Policy.

21.　Mr. Clark timely submitted a claim to be paid for damage to his Mustang.

22.　Safeco has denied payment for damage to Mr. Clark's Mustang under the the Clark Insurance Policy.

23.　As a result of Safeco's breach of contract, Mr. Clark has been damaged in an amount of not less than $45,000.00, including but not limited to, loss of value of his Mustang, lost income, and attorney fees.

## COUNT II

## BAD FAITH VALUE TO PAY PROMPTLY

24.　Plaintiff hereby reasserts Paragraphs 1 – 23 of the Complaint as if set forth fully herein.

25.　Defendant Safeco was and is obligated to pay losses under any insurance policy they issue within sixty (60) days after a demand by the holder of the policy under which the loss occurred.

26.　Safeco issued an insurance policy to Mr. Clark that covered accidental damage to his Mustang.

27.　Mr. Clark made a demand for payment under the Clark Insurance Policy.

28.　More than sixty (60) days have elapsed since Mr. Clark made his demand under the Clark Insurance Policy.

29.　Defendant Safeco was notified of the value of Mr. Clark's loss and their obligation to pay by undersigned counsel in November of 2016. (Exhibit B).

30.     Defendant Safeco has refused to pay the loss in bad faith and their failure to pay the loss has inflicted additional expenses, loss, and injury, including attorney fees, upon Mr. Clark.

31.     As a result of Safeco's bad faith failure to pay, Mr. Clark has been damaged in an amount not less than $35,000.00.

32.     Mr. Clark is further entitled to an additional penalty of twenty-five percent (25%) of the liability of loss, attorney fees, and lost interest under Tenn. Code Ann. §56-7-101, et. seq. based on Safeco's bad faith failure to pay, for a total amount of $43,750.00.

## COUNT III

## PUNITIVE DAMAGES

33.     Plaintiff hereby reasserts Paragraphs 1 – 32 of the Complaint as if set forth fully herein.

34.     As specifically set forth in Count II, Defendant Safeco intentionally, recklessly, and/or maliciously engaged in acts, omissions, and representations regarding the Clark Insurance Policy and their refusal to pay the loss.

35.     Based on the Defendant's intentional, reckless, and fraudulent acts and omissions set forth in this Complaint and pursuant to Hodges v. S.C. Toof, 833 S.W.2d 896 (Tenn. 1992), Plaintiff is entitled to punitive damages in an amount not less than $120,000.00.

WHEREFORE, Plaintiff Tommy Clark respectfully requests and prays for the following relief:

1.     That process issue and Safeco be served and be required to answer the Complaint as required by law;

2.     That the Court find and award to Plaintiff and against Defendant, compensatory damages in an amount not less than $35,000.00;

3.     That, pursuant to Tenn. Code Ann. § 56-7-105, the Court find and award to Mr. Clark against Safeco and an additional twenty-five percent (25%) of the compensatory damages;

4.     That, pursuant to Tenn. Code Ann. § 56-8-105, the Court find and award attorney fees to Mr. Clark against Safeco;

5.     That the Court find and award to Plaintiff against Safeco punitive damages in an amount not less than $120,000.00; and

6.     That Plaintiff have such other, further and general relief to which he may show himself entitled upon a hearing of this cause.

Respectfully submitted this 21st day of December, 2016.

BERNSTEIN, STAIR & McADAMS LLP

By: _____

W. TYLER CHASTAIN (BPR # 016029)
NATHANIEL H. EVANS (BPR # 026292)
BERNSTEIN, STAIR & MCADAMS LLP
116 Agnes Road
Knoxville, Tennessee  37919
(865) 546-8030
*Attorney for Plaintiff Tommy Clark*

# EXHIBIT A

FILED

2016 DEC 21 PM 4 09

CATHERINE F. QUIST
CIRCUIT COURT CLERK

# SAFECO INSURANCE COMPANY OF ILLINOIS
## AUTOMOBILE POLICY DECLARATIONS

**NAMED INSURED:**
TOMMY CLARK
LAURA L CLARK
220 HENRY HAYNES DR
KNOXVILLE TN 37920-8011

**POLICY CHANGE**
CHANGED EFFECTIVE:   AUG. 27 2015
**POLICY PERIOD FROM:**   FEB. 28 2015
                    TO:   FEB. 28 2016
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

**AGENT:**
MADISON INSURANCE GROUP INC
800 OAK RIDGE TPKE STE C104
OAK RIDGE        TN   37830-6927

**AGENT TELEPHONE:**
(865) 425-7300

| RATED DRIVERS | TOMMY CLARK, CORY CLARK, LAURA L CLARK | | |
|---|---|---|---|
| **2003 FORD** | MUSTANG COBRA SVT   2 DOOR | ID#:1FAFP48YX3F446591 | |
| **2014 FORD**<br>LOSS PAYEE | FUSION SE                 4 DOOR SEDAN<br>FORD MOTOR CREDIT | ID#:3FA6P0H95ER205920 | |

**Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.**

| COVERAGES | 2003 FORD LIMITS | PREMIUMS | 2014 FORD LIMITS | PREMIUMS |
|---|---|---|---|---|
| **LIABILITY:** | | | | |
| BODILY INJURY | $100,000<br>Each Person<br>$300,000<br>Each Occurrence | $  244.10 | $100,000<br>Each Person<br>$300,000<br>Each Occurrence | $  304.80 |
| PROPERTY DAMAGE | $100,000<br>Each Occurrence | 209.90 | $100,000<br>Each Occurrence | 293.30 |
| **MEDICAL PAYMENTS** | $2,000 | 35.70 | $2,000 | 39.70 |
| **UNINSURED MOTORISTS:** | | | | |
| BODILY INJURY | $100,000<br>Each Person<br>$300,000<br>Each Accident | 67.30 | $100,000<br>Each Person<br>$300,000<br>Each Accident | 80.00 |
| PROPERTY DAMAGE | $100,000<br>Each Accident<br>Less $200 Deductible | 41.50 | $100,000<br>Each Accident<br>Less $200 Deductible | 49.50 |
| **COMPREHENSIVE** | Actual Cash Value<br>Less $1000 Deductible | 70.50 | Actual Cash Value<br>Less $1000 Deductible | 139.30 |
| **COLLISION** | Actual Cash Value<br>Less $1000 Deductible | 417.70 | Actual Cash Value<br>Less $1000 Deductible | 651.50 |
| **ADDITIONAL COVERAGES:** | | | | |
| LOSS OF USE | | | $35 Per Day/$1050 Max | 46.60 |
| ROADSIDE ASSIST | | 8.70 | | 5.50 |
| | | **TOTAL $ 1,095.40** | | **TOTAL $ 1,610.20** |

You may pay your premium in full or in installments. There is no installment fee
for the following billing plans:  Full Pay, Annual 2-Pay.  Installment fees for all
other billing plans are listed below.  If more than one policy is billed on the
installment bill, only the highest fee is charged.  The fee is:
    $2.00 per installment for recurring automatic deduction (EFT)
    $2.00 per installment for recurring credit card or debit card
    $5.00 per installment for all other payment methods

-CONTINUED-

P O BOX 515097, LOS ANGELES, CA 90051



**POLICY NUMBER: F2647604**

A Liberty Mutual Company

## SAFECO INSURANCE COMPANY OF ILLINOIS
## AUTOMOBILE POLICY DECLARATIONS

**NAMED INSURED:**
TOMMY CLARK
LAURA L CLARK
220 HENRY HAYNES DR
KNOXVILLE TN 37920-8011

**POLICY CHANGE**
 CHANGED EFFECTIVE: MAR. 10 2015
POLICY PERIOD FROM: FEB. 28 2015
                TO: FEB. 28 2016
at 12:01 A.M. standard time at
the address of the insured as
stated herein.

**AGENT:**
MADISON INSURANCE GROUP INC
800 OAK RIDGE TPKE STE C104
OAK RIDGE    TN    37830-6927

**AGENT TELEPHONE:**
(865) 425-7300

---

| RATED DRIVERS | TOMMY CLARK, CORY CLARK, LAURA L CLARK |
|---|---|

| | | | |
|---|---|---|---|
| **2011 FORD** | MUSTANG GT | 2 DOOR | ID# 1ZVBP8CF4B5167239 |
| **2014 FORD** | FUSION SE | 4 DOOR SEDAN | ID# 3FA6P0H95ER205920 |
| LOSS PAYEE | FORD MOTOR CREDIT | | |

**Insurance is afforded only for the coverages for which limits of liability or premium charges are indicated.**

| COVERAGES | 2011 FORD LIMITS | PREMIUMS | 2014 FORD LIMITS | PREMIUMS |
|---|---|---|---|---|
| **LIABILITY:** | | | | |
| BODILY INJURY | $100,000 Each Person | $ 314.40 | $100,000 Each Person | $ 351.00 |
| | $300,000 Each Occurrence | | $300,000 Each Occurrence | |
| PROPERTY DAMAGE | $100,000 Each Occurrence | 266.30 | $100,000 Each Occurrence | 334.80 |
| **MEDICAL PAYMENTS** | $2,000 | 38.30 | $2,000 | 46.00 |
| **UNINSURED MOTORISTS:** | | | | |
| BODILY INJURY | $100,000 Each Person | 91.70 | $100,000 Each Person | 91.70 |
| | $300,000 Each Accident | | $300,000 Each Accident | |
| PROPERTY DAMAGE | $100,000 Each Accident Less $200 Deductible | 52.60 | $100,000 Each Accident Less $200 Deductible | 52.60 |
| **COMPREHENSIVE** | Actual Cash Value Less $1000 Deductible | 140.30 | Actual Cash Value Less $1000 Deductible | 144.90 |
| **COLLISION** | Actual Cash Value Less $1000 Deductible | 752.50 | Actual Cash Value Less $1000 Deductible | 696.70 |
| **ADDITIONAL COVERAGES:** | | | | |
| LOSS OF USE | | | $35 Per Day/$1050 Max | 49.70 |
| ROADSIDE ASSIST | | 7.90 | | 5.50 |
| | | TOTAL $ 1,664.00 | | TOTAL $ 1,772.90 |

You may pay your premium in full or in installments. There is no installment fee
for the following billing plans: Full Pay, Annual 2-Pay. Installment fees for all
other billing plans are listed below. If more than one policy is billed on the
installment bill, only the highest fee is charged. The fee is:
  $2.00 per installment for recurring automatic deduction (EFT)
  $2.00 per installment for recurring credit card or debit card
  $5.00 per installment for all other payment methods

−CONTINUED−

SA-1697/EP 9/90

DATE PREPARED: MAR. 11 2015

## CLASSIC CAR ENDORSEMENT
## RESTRICTED USE

**IMPORTANT**
**PLEASE READ CAREFULLY**
(This endorsement is a part of your automobile insurance policy)

With respect to any auto insured as a Classic Car and rated for Restricted Use:

Coverage applies provided such auto is maintained primarily for pleasure use, is only occasionally driven to work or school, and is not driven more than 5,000 miles per year.

The Limit of Liability provision under Part D — Coverage for Damage to Your Auto is replaced by the following:

**LIMIT OF LIABILITY**

A.   Our limit of liability for a partial loss will be the lesser of the:

    1.   Actual cash value of the stolen or damaged property; or

    2.   Amount necessary to repair or replace the property; or

    3.   Maximum limit of liability shown in the Declarations.

B.   Our limit of liability for a total loss will be the amount shown for each scheduled classic car which is agreed to be the value of **your covered auto.**

C.   Any depreciation of the value of the auto due to unavailability of any part of the auto does not constitute loss.

SA-1092/EP 7/14

# EXHIBIT B

FILED

2016 DEC 21 PM 4 09

CATHERINE F. QUIST
CIRCUIT COURT CLERK

BERNSTEIN
STAIR &
McADAMS LLP
ATTORNEYS AT LAW

116 AGNES ROAD | KNOXVILLE, TN 37919
TELEPHONE 865-546-8030 | FAX 865-522-8879 | www.bsmlaw.com

L. CAESAR STAIR III
THOMAS N. MCADAMS
JAMES W. PARRIS
W. TYLER CHASTAIN
C. SCOTT TAYLOR
MARGO J. MAXWELL
ALLISON D. EASTERDAY

L. CAESAR STAIR IV
ELIZABETH MAXEY LONG
NATHANIEL H. EVANS
ELIZABETH M. TOWE

SPECIAL COUNSEL
DARYL R. FANSLER

November 9, 2016

Madison Insurance Group, Inc.
800 Oak Ridge Turnpike, Suite C104
Oak Ridge, Tennessee 37830-6927

Safeco Insurance
Post Office Box 515097
Los Angeles, California 90051

    Re:    Policy No. F2647604

Dear Sirs:

We represent Tommy Clark in regards to the above referenced matter. The information provided regards his claim for his 2003 Mustang Cobra SVT. His claim has been initially denied based upon the damage to his engine.

Apparently, Safeco has communicated that it would not pay the claim. The claim in this matter was denied due to the fact that Safeco took the position that the engine was damaged due to a nitrous explosion caused by Mr. Clark.

This vehicle has been modified for racing, which includes modification of the tube frame, racing slicks, parachute, nitrous oxide, special rear end and high stall conversion. The vehicle had been run previously without incident. Prior to the accident, Mr. Clark was out of town and it had rained for 3-4 days. The rain water entered the carburetor through the hood scoop which had no cover on it. No knowing what had happened, Mr. Clark tried to start the engine, it hydrolocked, damaging the block, heads, cam, carburetor, crank intake, lifters, gaskets, etc.

As set forth by our expert, who has 43 years of experience as a top fuel funny car driver and engine builder, the engine hydrolocked (Gary Litton Report Enclosed). As stated by Mr. Litton, the damage that occurred was due to rainwater in the cylinder having leaked through the carburetor before ignition. Upon cranking and finally starting the vehicle's engine, it hydrolocked, which resulted in significant damage. The engine

was destroyed due to the water in the cylinder and the engine trying to compress. The sparks plugs were not nipped on any of the 8 cylinders.

Further, as Mr. Litton advised, if the engine had been damaged by nitrous oxide the following would have had to occur:

1. The nitrous switch would have to be turned on;
2. The nitrous bottle would have to be turned on;
3. The engine would have had to be on full throttle in order to trigger the micro solenoid switch, which sprays a burst of nitrous at 850-1100 P.S.I. The nitrous must have sufficient gas and heat to burn – gas and heat that would not have been in the engine at startup.

The conditions for a nitrous explosion were not present given the information available. As set forth more fully in Mr. Litton's report, Safeco's reliance on its investigator's opinion is untenable – science, physics, engine build, and evidence in this case irrefutably support Mr. Clark's version of events. Accordingly, Safeco should pay the claim in this matter.

We request that this claim be paid in full or we will have no option but to move forward with litigation.

With best regards,

W. TYLER CHASTAIN

WTC/bv
cc:   Mr. Tommy Clark

State of Tennessee
PIC #0348

Office ☎ (865) 573-4181
24 Hour Fax 🖷 (865) 577-1003

Visit our website at www.garylittoninvestigators.com
Email: kimberlylitton@gmail.com

**VEHICLE CHANGES/MODIFICATIONS:**
THIS CAR WAS COMPLETELY MODIFIED FOR RACING, INCLUDING THE TUBE FRAME, RACING SLICKS, PARACHUTE, NITROUS OXIDE, SPECIAL REAR END AND HIGH STALL CONVERSION.

**INVESTIGATIVE OBJECTIVE:**
DETERMINE IF THE ENGINE WAS DAMAGED.

**FINDINGS:**
CLAIMANT STATED THAT THE VEHICLE HAD BEEN SITTING AT HIS HOME/SHOP. CLAIMANT WAS OUT OF TOWN AND IT HAD RAINED FOR 3-4 DAYS. BEECAUSE THE HOOD SCOOP HAD NO COVER ON IT, RAIN WATER LIKELY ENTERED THE CARBURETOR. WHEN THE CLAIMANT TRIED TO START THE ENGINE AFTER RETURNING FROM OUT OF TOWN, IT LOCKED UP AND THE ENGINE STOPPED FUNCTIONING.

THE HEAD GASKETS WERE BLOWN OUT AT THE THICKEST POINT, NOT BETWEEN THE CLYLINDERS.

ONE PISTON WAS BROKEN.

THERE WAS WATER IN THE OIL.

THE SPARK PLUGS WERE NOT NIPPED ON ANY OF THE 8 CYLINDERS, AND THE SPARK PLUGS ARE SOME OF THE WEAKEST COMPONENTS IN THE ENGINES.

THE CAR HAS DEEP POCKETS MACHINED IN LOWER OR BOTTOM OF PISTONS. THE PISTONS AND CYLINDER BORE WOULD HOLD WATER ALONG AFTER COMING UP ON A POWER STROKE AND THIS WOULD CAUSE A DEAD STOP WHEN COMPRESSED AGAINST THE CYLINDER HEAD.

AFTER REVIEWING THE REPORT OF THE INVESTIGATOR SENT BY CLAIMANT'S INSURANCE COMPANY, I NOTED SEVERAL INCONSISTENCIES, OMISSIONS, AND INCORRECT STATEMENTS.

FIRST, THE INVESTIGATOR DID NOT MENTION IF THERE WAS WATER IN THE OIL. THIS WOULD BE A CLEAR SIGN OF HYDROLOCKING. I DETERMINED THAT THERE WAS WATER IN THE OIL.

SECOND, THE INVESTIGATOR FOUND NO SIGNIFICANT SIGNS OF RUST OR
CORROSION, WHICH LED HIM TO CONCLUDE THAT THERE WAS NO EVIDENCE OF
HYDROLOCKING. THIS IS AN INCORRECT CONCLUSION FOR MANY REASONS THAT I
WILL COVER BELOW, BUT MAINLY BECAUSE THE PISTON VALVES WERE STAINLESS
STEEL AND THE PISTONS, AND INTAKE COMPONENTS WERE ALUMINUM.

THIRD, THE INVESTIGATOR SEEMS TO HAVE PLACED EMPHASIS ON THE SCORING HE
FOUND ON THE CYLINDER WALLS. THIS IS NORMAL AND IS CONSISTENT WITH A CAR
THAT HAS BEEN RUN. IT IS IMPORTANT TO NOTE THAT THIS WAS NOT A NEW
ENGINE. SO, THE SCORING ON THE CYLINDER WALLS IS NOT AN INDICATION OF
NITROUS DETONATION.

THE ENGINE WAS NOT DISASSEMBLED BY EITHER THE INSURANCE INSPECTOR OR
ME.

**OPINION/CONCLUSION:**
IT IS IN THE OPINION OF THE INVESTIGATOR, WITH 43 YEARS EXPERIENCE AS A TOP
FUEL FUNNY CAR DRIVER AND ENGINE BUILDER, WHO RACED WITH A NITRO MOTOR
WITH SUPER CHARGE, THAT THIS ENGINE HYDROLOCKED. IT WAS DUE TO RAIN
WATER IN THE CYLINDER HAVING LEAKED THROUGH THE CARBURETOR. CRANKING
THE ENGINE AND FINALLY STARTING IT FOR A BRIEF TIME CAUSED THE DAMAGE TO
THE VEHICLE' S ENGINE. THE ENGINE WAS DESTROYED DUE TO THE WATER IN THE
CYLINDER AND THE ENGINE TRYING TO COMPRESS.

DUE TO WATER IN THE CYLINDER FOR A SHORT PERIOD OF TIME AND HIGH TORQUE
START NORMAL FOR THIS CAR, WHEN THE ENGINE TURNED OVER, THE WATER IN
CYLINDERS WOULD HAVE CAUSED THE CAR TO HYDROLOCK. THE HYDROLOCKING
THEN CAUSED MAJOR DAMAGE, ESPECIALLY AFTER THE ENGINE MULTIPLE START
ATTEMPTS.

THE HYRDROLOCKING WOULD HAVE RESULTED IN A DEAD STOP THAT WOULD HAVE
CAUSED THE HEAD TO PUSH UP, STRETCHING THE HEAD STUDS. THE PISTONS
WOULD HAVE BEEN PUSHED DOWN AND DAMAGE TO THE PISTONS, RINGS AND RODS
WOULD HAVE OCCURRED. THIS SITUATION CAN CAUSE THE RODS TO BEND OR
BREAK, AND THE CRANK TO CRACK. THE CAM WILL ALWAYS TWIST AND CAN CRACK
THE BLOCK. THERE IS POSSIBLE DAMAGE TO THE BLOCK, HEADS, CAM,
CARBURETOR, CRANK INTAKE, LIFTERS, GASKETS, ETC.

THE INSURANCE INVESTIGATOR'S DETERMINATIONS DO NOT MAKE SENSE. IF THE
ENGINE WOULD HAVE BEEN RUNNING UNDER FULL THROTTLE WITH NITROUS, THE
ENGINE WOULD HAVE SHOWN SIGNS OF RUST. YOU MUST HAVE HEAT, WATER AND
OXYGEN IN ORDER TO RUST OR CORRODE. THE PRESENCE OF WATER AS NOTED BY
THE INVESTIGATOR WOULD LEAD TO RUST ON CERTAIN COMPONENTS ONLY IF THE
ENGINE WAS HOT ENOUGH TO USE NITROUS.

THE INSURANCE INVESTIGATOR'S ERROR MAY BE BECAUSE HE IS NOT FAMILIAR
WITH HOW A NITROUS SYSTEM WORKS. IF THIS ENGINE HAD BEEN DAMAGED BY
NITROUS OXIDE THE FOLLOWING WOULD HAVE HAD TO OCCUR:
    1)    NITROUS SWITCH WOULD HAVE TO BE TURNED ON.
    2)    NITROUS BOTTLE WOULD HAVE TO BE TURNED ON.a
    3)    THE ENGINE MUST BE UNDER FULL THROTTLE TO TRIGGER THE MICRO

SOLENOID SWITCH, WHICH SPRAYS A BURST OF NITROUS AT 850-1100 P.S. I.
NITROUS MUST HAVE GAS TO BURN.

NITROUS CANNOT BE USED UNLESS THE ENGINE IS AT FULL THROTTLE AND HOT. IF
THE ENGINE WAS AT FULL THROTTLE AND HOT, THEN IT WOULD BE MORE LIKELY
THAT RUST WOULD OCCUR. IN OTHER WORDS, RUST WOULD HAVE HELPED PROVE
A NITROUS DETONATION, NOT RULE IT OUT.

Gary A. Litton - Private Investigator #773

**IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE**

FILED

TOMMY CLARK,

2016 DEC 21  PM 4 09

Plaintiff,

CATHERINE F. QUIST
CIRCUIT COURT CLERK

v.                                          NO. 1-581-16

JURY DEMANDED

SAFECO INSURANCE COMPANY
OF AMERICA,

Defendants.

## COST BOND

I, TOMMY CLARK, as Principal, and Bernstein, Stair & McAdams LLP, as

Surety, are held and firmly bound unto the Clerk of the Knox County Chancery Court,

for the payment of all costs awarded against the principal.  To that end we bind

ourselves our heirs, executors and administrators.

The Principal is commencing legal proceeding in the Knox County Circuit

Court.  If the Principal shall pay all costs which are adjudged against her, then this

obligation is void.  If the Principal fails to pay, then the surety shall undertake to pay all

costs adjudged against the Principal.  Mandated at T.C.A. § 20-12-120, et seq.

**PRINCIPAL**                          **SURETY**

_[signature]_

TOMMY CLARK                    BERNSTEIN, STAIR & MCADAMS LLP
220 Henry Haynes Drive
Knoxville, Tennessee  37920    BY: _[signature]_
                                W. TYLER CHASTAIN (BPR # 016029)
                                NATHANIEL H. EVANS (BPR # 026292)
                                BERNSTEIN, STAIR & McADAMS, LLP
                                116 AGNES ROAD
                                KNOXVILLE, TENNESSEE  37919
                                Telephone:  865-546-8030
                                Facsimile:  865-522-8879

CERTIFIED MAIL



STATE OF TENNESSEE
DEPARTMENT OF COMMERCE AND INSURANCE
500 JAMES ROBERTSON PARKWAY
NASHVILLE, TENNESSEE 37243

7016 0750 0000 2778 3632

FIRST CLASS
UNITED STATES POSTAGE
$00.78
02 1M
0004282828    JAN 19 2017
MAILED FROM ZIPCODE 37243

7016 0750 0000 2778 3632          01/05/2017
SAFECO INSURANCE CO OF AMERICA
2908 POSTON AVE, % CORP SVC CO
NASHVILLE, TN  37203