UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| TOMMY CLARK, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:17-cv-00033 |
| | ) REEVES/POPLIN |
| SAFECO INSURANCE COMPANY OF | ) |
| ILLINOIS, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

On November 16, 2018, the Honorable Debra C. Poplin, United States Magistrate Judge, entered a Memorandum and Order granting Safeco's motion to exclude testimony by Clark's expert witness at trial [R. 36]. This matter is presently before the court on Clark's objections to the magistrate judge's decision [R. 37].

A *Daubert* hearing was held on September 10, 2018, before the Magistrate Judge. Magistrate Judge Poplin's Memorandum and Order was entered pursuant to 28 U.S.C. § 636(b). Under § 636(b), the court can reconsider the magistrate judge's ruling if it is "clearly erroneous" or "contrary to law." 28 U.S.C. § 636(b)(1)(A); *see also* Fed. R. Civ. P. 72(a). A finding will be considered to be clearly erroneous only "when the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Heights Cmty. Congress v. Hilltop Realty, Inc.,* 774 F.2d 135, 140 (6th Cir. 1985). Accordingly, the court has now undertaken a review of the magistrate judge's

order.  After doing so, the court concludes that Magistrate Judge Poplin's ruling excluding the testimony of Gary Litton as an expert witness at trial is consistent with the Federal Rules of Evidence and applicable case law.

Federal Rule of Evidence 702 governs the admissibility of expert testimony:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In *Daubert v. Merrell Dow Pharma, Inc.,* the Supreme Court stated that a district court, when evaluating evidence proffered under Rule 702, must act as a gatekeeper, ensuring "that any and all scientific testimony or evidence admitted is not only relevant, but reliable." *Daubert,* 509 U.S. 579, 589 (1993). The court's gatekeeping function also applies to expert testimony based upon specialized or technical, as opposed to scientific, knowledge. *Kumho Tire Co. Ltd. v. Carmichael,* 526 U.S. 137, 138 (1999). The party offering the expert testimony has the burden of proving admissibility. *Daubert,* 509 U.S. at 592 n. 10.

Clark brought this claim for coverage from his auto insurance provider for damage to a customized racing engine in his 2004 Ford Mustang Cobra S. The parties agree that the customized racing engine failed. The question in this case is what caused the engine failure. Clark contends that the engine failed due to hydrolock, which occurs when water enters into certain parts of an engine and causes damage. Safeco, on the other hand, contends that the engine failed as a result of a mechanical breakdown or failure, which is

expressly barred from coverage by an exclusion in the policy. Litton, Clark's proposed expert, opines that the engine failed because it experienced hydrolock and not mechanical failure.

It is undisputed that Litton does not have any formal training or received any degrees or certifications relating to engine failure. Instead, Clark relies on Litton's experience in the racing and engine industry. However, as noted by Magistrate Judge Poplin, Litton's last experience with racing was twenty years ago, and the vehicles he raced were much different from Clark's vehicle. Litton could not state how many engines he had disassembled and what specifically he did during an examination that would assist him in reaching his opinions. He admitted that he never had any experience with an engine hydrolocking due to water. Magistrate Judge Poplin found that Clark failed to establish how Litton's experience with different engines qualified him to express an opinion on the cause of the engine failure in this case. The court agrees with Magistrate Judge Poplin that Clark fails to establish that Litton is qualified by knowledge, skill, experience, training, or education to render an expert opinion as to the cause of the engine failure in this case.

Magistrate Judge Poplin also found that Litton's methodology was not sufficiently reliable. The magistrate judge relied on Litton's testimony that his only objective when he examined the engine was to determine whether nitrous caused the failure. Litton agreed that in order to conduct a full analysis of all the possible modes of failure, he needed to completely disassemble the engine, which he did not do. Further, the magistrate judge found that Litton's investigative report lacked specificity as to the damage observed in the engine. Litton neither tested nor observed any of the components to determine if they were

3

damaged.  Instead, Litton relied on Clark's statements that rainwater entered the engine compartment and caused hydrolock without performing any inspection of the physical evidence.  Based on these deficiencies, Magistrate Judge Poplin found Litton's opinions unreliable.  The court agrees.

The court finds no error of fact or law in the magistrate judge's analysis. Accordingly, plaintiff's objections to the magistrate judge's decision [R. 37] are **OVERRULED**, and the order granting the motion to exclude expert testimony by Gary Litton is **AFFIRMED.**

**IT IS SO ORDERED.**

_____
**UNITED STATES DISTRICT JUDGE**